IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TONYA T.,                                       )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )    CASE NO. 3:25-cv-136-JTA
                                                )
FRANK BISIGNANO, Commissioner of                )
Social Security,                                )
                                                )
        Defendant.                              )

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Tonya T. brings this action to review a

final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1]

The Commissioner denied Plaintiff's application for a period of disability and Disability

Insurance Benefits ("DIB"). The Court construes Plaintiff's brief in support of her

Complaint (Doc. No. 12) and the Commissioner's brief in opposition to the Complaint

(Doc. No. 15) as motions for summary judgment. The parties have consented to the

exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).

After scrutiny of the record and the motions submitted by the parties, the Court finds

Plaintiff's motion for summary judgment is due to be granted, the Commissioner's motion

for summary judgment is due to be denied, the decision of the Commissioner is due to be

---

[1] Document numbers as they appear on the docket sheet are designated as "Doc. No."

1

reversed, and this matter is due to be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    PROCEDURAL BACKGROUND AND FACTS[2]

Plaintiff is an adult female[3] with a high school education who previously worked as a product assembler. (R. 20, 509.) She alleged a disability onset date of June 30, 2020, due to issues with her hands and carpal tunnel. (R. 508.)

In December 2021, Plaintiff protectively filed an application for a period of disability and DIB under Title II of the Social Security Act. (R. 476.) Her claim was denied initially and upon reconsideration. (R. 390, 396.) Following an administrative hearing on October 26, 2023, the Administrative Law Judge ("ALJ") issued an unfavorable decision on December 13, 2023. (R. 8–28.) Plaintiff requested review of the decision, which the Appeals Council denied. (R. 1–8.) Plaintiff submitted new evidence to the Appeals Council, but it refused to consider the new evidence because the evidence either was not related to the period at issue or did not show a reasonable probability it would change the outcome of the ALJ's decision. (R. 2.) The hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

On February 18, 2025, Plaintiff filed this civil action for judicial review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. This matter is ripe for review.

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 9.)

[3] Plaintiff was 43 years old on the alleged disability onset date. (R. 20.)

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g).[4] *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("In Social Security appeals, we must determine whether the Commissioner's decision is "'supported by substantial evidence and based on proper legal standards.'" (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004))). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. The court "will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).[5] However, the court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). *See Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." (quotation and brackets omitted)).

---

[4] Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[5] The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

"[T]he Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*." *Fleeton v. O'Malley*, No. 2:23-CV-62-JTA, 2024 WL 235216, at *1 (M.D. Ala. Jan. 22, 2024) (citing *Ingram v. Comm'r of Soc. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007)). When, upon request for review of the ALJ's decision, the Appeals Council refuses to consider new evidence on grounds that the evidence does not meet the legal criteria[6] for consideration, the Appeals Council's determination is a legal one subject to *de novo* review. *Dubose v. Comm'r of Soc. Sec.*, No. 24-13554, 2025 WL 2529598, at *3 (11th Cir. Sept. 3, 2025); *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).

## III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for disability must prove that she is disabled. *See* 20 C.F.R. §§ 404.1505, 416.920(a)(4). The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. The ALJ must determine (1) whether Plaintiff is currently performing substantial

---

[6] The Appeals Council must review a case if (1) "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision," and (2) the claimant shows good cause for not timely submitting the material to the ALJ. 20 C.F.R. §§ 404.970(a)(5),(b); 20 C.F.R. § 416.1470(a)(5)(b) (same).

gainful activity; (2) whether Plaintiff has a severe impairment or combination of impairments; (3) whether the severe impairment meets or exceeds an impairment in the Listings of Impairments; (4) whether the Plaintiff can perform her past relevant work despite the impairment; and (5) whether Plaintiff can perform other jobs that exist in the national economy[7] given her residual functional capacity ("RFC"), age, education, and work experience. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1101–02 (11th Cir. 2021).[8] Plaintiff has the burden of proof on the first four steps and the Commissioner carries the burden on the fifth step. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020). If the Commissioner carries the burden at the fifth step, the burden shifts back to Plaintiff to prove she is unable to perform the jobs suggested. *Id*.

## IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2025, but had not engaged in substantial gainful activity since June 30, 2020. (R. 13.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: carpal tunnel syndrome, cervical degenerative disc disease, and obesity. (R. 13.) The ALJ also determined Plaintiff had the non-severe impairment of hypertension. (R. 14.)

---

[7] To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel*, 631 F.3d at 1180.

[8] *Simon* was superseded on other grounds by 2017 regulations abrogating the treating physician rule. *See Harner v. Soc. Sec. Admin., Comm'r,* 38 F.4th 892, 894 (11th Cir. 2022).

The ALJ concluded Plaintiff's combination of impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 14.) The ALJ also concluded Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[9] with certain restrictions:

> [Plaintiff] can occasionally push and/or pull with the upper and lower extremities bilaterally. [She] can occasionally stoop, kneel, crouch and crawl. [She] can frequently climb ramps and stairs, never claim [sic] ladders, ropes or scaffolds; frequently reach bilaterally in all directions including overhead; and frequently handle, finger and feel bilaterally. [She] should avoid concentrated exposure to extreme cold, heat and vibrations; and she should avoid all exposure to unprotected heights, moving mechanical parts and uneven surfaces.

(R. 15.)

Based upon the testimony of a VE, the ALJ determined Plaintiff is unable to perform any past relevant work; yet an individual with Plaintiff's age, education, work experience, and RFC could work as a dowel inspector, table worker, and lens inserter. (R. 20, 21.) The ALJ found that based upon Plaintiff's age, education, work experience and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy. (R. 21.) Based on the foregoing, the ALJ concluded Plaintiff had not been disabled from the alleged onset date through the date of the hearing decision and thus was not disabled under the Social Security Act. (R. 21, 22.)

---

[9] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

## V.    DISCUSSION

Plaintiff presents two issues in this appeal. First, Plaintiff argues the Appeals Council erred by failing to review her new evidence. (Doc. No. 12 at 1.) Specifically, she challenges the Appeals Council's decision not to consider the opinion, supporting treatment notes, and x-ray report from Dr. Caroline Herring Myers.[10] (*Id.* at 8.) Second, Plaintiff argues the ALJ erred by failing to properly consider her testimony concerning her pain and medication side effects. (*Id.* at 11.)

Upon a thorough review of the record and the parties' submissions, the Court finds that Plaintiff's first argument warrants reversal and remand for further proceedings.

Generally, a claimant may present "'new evidence at each stage of the administrative process,' including before the Appeals Council." *Washington*, 806 F.3d at 1320 (quoting *Ingram*, 496 F.3d at 1261). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Calloway v. Kijakazi*, No. 3:20-CV-228-JTA, 2021 WL 5227068, at *4 (M.D. Ala. Nov. 8, 2021) (quoting *Douglas v. Comm'r of Soc. Sec.*, 764 F. App'x 862, 862–63 (11th Cir. 2019) (quoting *Ingram*, 496 F.3d at 1261)). To succeed on a claim that remand is appropriate, Plaintiff must show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would

---

[10] The record evidence reflects Dr. Caroline Herring Myers's name was at some point Dr. Caroline Herring King. (*Compare* R. 217 *with* R. 231.) The parties use the name Dr. Myers or Dr. Herring-Meyers (sic) in their briefs. For consistency, the Court uses the name Dr. Myers.

change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level.[11] *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

"[E]vidence is considered material if there is a reasonable probability that it would change the administrative result." *Chapman v. Comm'r, Soc. Sec. Admin.*, No. 22-13863, 2023 WL 8441514, at *2 (11th Cir. Dec. 5, 2023) (citation omitted). "Evidence is chronologically relevant if it relates to the period before or on the date of the ALJ decision." *Id*. (citation omitted). When the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321.

Plaintiff argues the Appeals Council erred by refusing to consider three pieces of new evidence: (1) Dr. Myers's RFC assessment of Plaintiff completed on February 23, 2024; (2) Dr. Myers's treatment notes, and (3) an x-ray report from Dr. Myers.[12] Plaintiff

---

[11] Because the Appeals Council did not reject Plaintiff's evidence for failure to show good cause, nor does the Commissioner argue that Plaintiff lacked good cause (Doc. No. 15), the Court finds it unnecessary to address this issue.

[12] The Commissioner states the Appeals Council *did* consider the "new medical records from Dr. [Myers] that were within the period considered by the ALJ" when making its determination not to review the ALJ's decision. (Doc. No. 15 at 5.) The Court is not persuaded. The Appeals Council did not explicitly state whether it considered the medical records from Dr. Myers. (R. 1-2.) Rather, the Appeals Council simply listed numerous new medical records, including the treatment records and x-ray report from Dr. Myers, and stated "this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (R. 2.) The Commissioner appears to argue this one sentence indicates the Appeals Council considered Dr. Myers's x-ray report and treatment notes in addition to all the other medical records listed in this paragraph. Yet, the Commissioner did not explain how the Court's review would change if the Appeals Council considered the evidence nor did the Commissioner provide any caselaw citations to support his contention. Thus, the Court concludes the Appeals Council refused to consider Dr. Myers's x-ray report and treatment notes because it found they were not material.

maintains Dr. Myers's RFC assessment is chronologically relevant, though it was completed after the ALJ's decision. Plaintiff further argues all the new evidence is material.

The Court first addresses whether the RFC assessment relates to the period for the ALJ's decision and then turns to whether the new evidence is material.[13]

### 1.    Chronological Relevance of Dr. Myers's RFC Assessment

Plaintiff argues Dr. Myers's RFC assessment relates back to the period before the ALJ's decision because Dr. Myers began treating Plaintiff on October 25, 2023, about six weeks before the ALJ issued his decision, and the form asks Dr. Myers to evaluate Plaintiff's condition from June 20, 2020 to present. (Doc. No. 12 at 9.) The Commissioner responds Dr. Myers's RFC assessment is not chronologically relevant because it was written approximately three months after the ALJ's decision. (Doc. No. 15 at 4.) The Commissioner further argues, though the form asks Dr. Myers to evaluate Plaintiff from June 30, 2020 to present, Dr. Myers did not indicate how the assessment was relevant to Plaintiff's condition in 2020. (*Id*.) Plaintiff replies that the evidence is chronologically relevant because Dr. Myers indicated the symptoms and limitations correlated with the October 25, 2023 treatment date. (Doc. No. 18 at 2.) The Court agrees with Plaintiff.

New evidence is chronologically relevant if it relates to the period on or before the ALJ's hearing decision. *Hunter*, 705 F. App'x at 940 (citing 20 C.F.R. § 404.970(c)); *Chapman*, 2023 WL 8441514, at *2. The ALJ issued the hearing decision on December 13, 2023. (R. 22.) Although Dr. Myers completed the RFC assessment on February 23, 2024,

---

[13] The Commissioner does not dispute that the evidence at issue is new. (*See* Doc. No. 15.)

9

the assessment indicates the "earliest date that the description of symptoms and limitations in this questionnaire" applies is October 25, 2023, which was when Plaintiff began treatment with Dr. Myers. (R. 231.) Because Dr. Myers specifically indicated the RFC assessment related back to October 25, 2023, which was six weeks before the ALJ's hearing decision, the RFC assessment is chronologically relevant. *See Hunter*, 705 F. App'x at 940 (finding evidence chronologically relevant where the psychologist's opinions, made four months after the ALJ's decision, specifically state they related back to the period under review).

### 2.    Materiality of New Evidence

Plaintiff argues Dr. Myers's treatment notes, x-ray report, and RFC assessment are material because they shed light on the severity and limiting effects of her back conditions, prove Plaintiff cannot work on a regular and continuing basis, and contradict the VE's testimony. (Doc. No. 12 at 10–11.) The Commissioner responds the new evidence is not material because Plaintiff's RFC is supported by substantial evidence and the new evidence does not contradict an MRI report that was before the ALJ. (Doc. No. 15 at 6–6.) Plaintiff replies the evidence is material because the ALJ found Plaintiff suffered from mild cervical degenerative disc disease, but the new evidence reveals severe thoracic degenerative disc disease, severe calcification, and moderate lumbar degenerative disc disease. (Doc. No. 18 at 2–3.) Again, the Court agrees with Plaintiff.

Dr. Myers's treatment notes from October 25, 2023, show Plaintiff rated her carpal tunnel, bulging disc in her mid-back, and neck pain as a nine out of ten, which indicates severe and debilitating pain. (R. 217.) Additionally, Dr. Myers completed an x-ray on

October 25, 2023, which indicates Plaintiff suffers from severe calcification plaquing on her thoracic spine, severe degenerative disc disease on her thoracic spine, moderate degenerative disc disease on her cervical and lumbar spine, severe degenerative joint disease on her thoracic spine, and moderate degenerative joint disease on her cervical and lumbar spine. (R. 128.) Dr. Myers's treatment notes from October 15, 2023, and October 30, 2023, further show Plaintiff repeatedly rated her carpal tunnel, bulging disc in her mid-back, and neck pain as a nine out of ten. (R. 218–19.)[14]

Dr. Myers's treatment notes and x-ray report, if considered, have a reasonable possibility of changing the ALJ's conclusion that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with and not fully supported by the medical evidence. (R. 18.) The ALJ reasoned, in part, that diagnostic testing revealed "no more than moderate carpal tunnel syndrome as to [Plaintiff's] right hand and only mild carpal tunnel syndrome as to [her] left hand." (R. 18.) The x-ray report provides additional diagnostic testing and reveals Plaintiff suffers from multiple severe back issues of which the ALJ was not aware. Furthermore, Plaintiff reported severe pain multiple times to Dr. Myers, which could further alter the ALJ's assessment of Plaintiff's symptoms. As the Commissioner points out, the ALJ did have an MRI of Plaintiff's cervical

---

[14] As the Commissioner notes, some of Dr. Myers's treatment notes cited by Plaintiff are dated after the ALJ's decision. (Doc. No. 15 at 5 n. 2.) Plaintiff does not argue these records are chronologically relevant. Thus, the Court only discusses the treatment notes that are dated prior to the date of the ALJ's decision.

spine.[15] However, Dr. Myer's x-ray report includes the entirety of Plaintiff's back, not just the cervical spine. Given the x-ray report indicates multiple severe issues with Plaintiff's back, there is a reasonable possibility the evidence, if considered, could affect the ALJ's pain assessment.

Additionally, Dr. Myers's RFC assessment is material because there is a reasonable possibility, if credited, the RFC assessment could reduce the ALJ's RFC for Plaintiff and impact Plaintiff's potential to perform jobs within the national economy. The ALJ concluded Plaintiff has the RFC to perform sedentary work, but can occasionally stoop, kneel, crouch and crawl; frequently climb ramps and stairs; frequently reach bilaterally in all directions; and frequently handle, finger, and feel bilaterally. (R. 15.)[16] In contrast, Dr. Myers's RFC assessment indicates Plaintiff can rarely stoop and crouch; can never climb stairs; has significant limitations in doing repetitive reaching, handling, or fingering;[17] and would miss more than four days per month of work due to chronic pain. (R. 230–31.) Dr. Myers cites her treatment notes and x-ray report to support her RFC assessment. (R. 227.)

---

[15] While the ALJ did not discuss Plaintiff's cervical degenerative disc disease while discounting Plaintiff's statements about her symptoms, he did note elsewhere in the RFC discussion that "[w]hile mild cervical degenerative disc disease is indicated, no myelopathy, radiculopathy, or significant spinal stenosis were found." (R. 17.)

[16] The Commissioner argues the new evidence is not material because the ALJ's RFC determination is supported by substantial evidence. (Doc. No. 15 at 5.) Because Plaintiff is challenging a conclusion of law by the Appeals Council, the Appeals Council's decision is subject to *de novo* review and the Court must determine whether there is a reasonable possibility the new evidence would alter the administrative outcome. *See Washington*, 806 F.3d at 1321. Thus, the Court does not address whether the ALJ's RFC determination is supported by substantial evidence.

[17] Dr. Myers's RFC assessment indicates that out of an 8-hour workday, Plaintiff can use her right hand 10% of the day to grasp, turn, or twist objects; her right fingers 5% of the day for fine manipulations; and her right arm 10% of the day for reaching overhead. (R. 230.)

Because Dr. Myers's RFC assessment has some objective basis and conflicts with the ALJ's RFC, there is a reasonable possibility the new evidence could reduce Plaintiff's RFC. Moreover, the VE testified there would be no jobs in the national economy if Plaintiff's RFC indicated she could only occasionally reach bilaterally; occasionally handle, finger, and feel bilaterally; and miss three days out of a month due to chronic pain. (R. 386–87.) If the ALJ adopted Dr. Myers's RFC assessment, there would be no jobs in the national economy Plaintiff could perform, which would alter the administrative decision. *See e.g., Whiddon*, 549 F. Supp. 3d at 1324 (holding new evidence submitted to the Appeals Council was material because there was reasonable probability it could reduce the plaintiff's RFC, and thus possibly change the Commissioner's determination that the plaintiff could make a successful adjustment to other work that exists in the national economy); *Dorsey v. Comm'r of Soc. Sec.*, No. 8:24-cv-489-DNF, 2025 WL 678817, at *5 (M.D. Fla. Mar. 4, 2025 (remand warranted to consider new and chronologically relevant evidence that was material because there was a reasonable probability that it would have changed the ALJ's RFC assessment).

For these reasons, the Court finds remand is warranted.

## VI.    CONCLUSION

Based on the foregoing, the Court finds the Appeals Council erred by failing to consider new, chronologically relevant, and material evidence. Therefore, it is ORDERED as follows:

1.    Plaintiff's motion for summary judgment (Doc. No. 12) is GRANTED.

2.      The Commissioner's motion for summary judgment (Doc. No. 15) is

          DENIED.

3.      The decision of the Commissioner is REVERSED.

4.      This case is REMANDED for consideration of the new evidence (R. 128,

          217–19, 227–31) in conjunction with the record as a whole.

A separate judgment will issue.

DONE this 2nd day of March, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE